IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUBEN GUERRA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-11-2267 |
| | § | |
| RICK THALER, DIRECTOR, TEXAS | § | |
| DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION GRANTING
RESPONDENT'S MOTION TO DISMISS**

Before the Magistrate Judge in this proceeding brought pursuant to 28 U.S.C. § 2254 is Respondent's Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d) (Document No. 12). Having considered Respondent's Motion to Dismiss (Document No. 12), the claims raised by Petitioner in his § 2254 Application for Writ of Habeas Corpus and Memorandum in Support (Document Nos. 1 & 2), and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Respondent's Motion to Dismiss (Document No. 12) be GRANTED, and that Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) be DENIED and DISMISSED WITH PREJUDICE as time-barred.

**I.     Introduction and Procedural History**

Ruben Guerra ("Guerra") is currently in custody of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), as a result of a 1995 felony conviction for

delivery of a controlled substance, for which he was sentenced to twenty-five years incarceration.[1] Guerra is not challenging the validity of that conviction, and therefore the procedural history associated with that conviction is not relevant to this proceeding.

In this proceeding, Guerra is challenging the validity of a Texas parole revocation proceeding, and the subsequent calculation of his sentence. Guerra raised the same challenges in an administrative time credit dispute he filed in March 2010, and in a state application for writ of habeas corpus he filed on August 2, 2010. The time credit dispute was denied on October 27, 2010. The state application for writ of habeas corpus was denied by the Texas Court of Criminal Appeals on February 16, 2011, without written order on the findings of the state trial court without a hearing. This § 2254 proceeding, filed by Guerra on or about June 14, 2011, followed.

II. <u>Claims</u>

Guerra raises two claims in this proceeding related to the revocation of his parole and the subsequent calculation of his sentence. Guerra claims:

1. that he is legally entitled to credit for the two years he spent in custody in North Carolina while he was on parole in Texas; and

2. that the Texas Board of Pardons and Paroles erroneously and improperly released him to North Carolina pursuant to a North Carolina fugitive warrant without first revoking his Texas parole.

According to Guerra, the Texas Board of Pardons and Paroles should have revoked his parole in 2003, at the time he was charged with an unrelated offense in North Carolina, thereby allowing the

---

[1] In a change of address filed with the Court on September 9, 2011, Guerra advised the Court that he had been paroled. Despite that parole, he is still considered to be in the custody of the TDCJ-CID.

time he spent in custody in North Carolina to be credited toward his sentence on his 1995 offense. This failure to timely revoke his parole, Guerra contends, violated his right to due process.

Respondent, in his Motion to Dismiss, argues that Guerra's claims are time-barred, having been filed six years after Guerra returned from North Carolina and four years after Guerra's parole was revoked in April 2007.

### III.    Discussion – Limitations

28 U.S.C. § 2244(d) provides for a one year limitations as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, the record shows that Guerra was convicted of delivery of a controlled substance on September 15, 1995, and sentenced to twenty-five (25) years incarceration in the TDCJ-CID. On July 11, 2002,

Guerra was paroled. *Ex Parte Guerra*, Application No. WR-75,140-02 at 54. In July 2003, while on parole, Guerra was arrested in North Carolina and charged with conspiracy to traffic in marijuana. *Id.* at 29. He was released on bond in North Carolina and promptly returned to Texas. *Id.* On July 25, 2005, he was arrested on a fugitive warrant issued out of North Carolina. *Id.* The State of Texas extradited him to North Carolina on August 14, 2003, where he was convicted on the North Carolina offense on September 1, 2003, and was sentenced to 20-24 months imprisonment. *Id.* Following his completion of that sentence, a pre-revocation warrant was issued by the Texas Board of Pardons and Paroles on June 5, 2005. *Id.* at 54. Guerra was arrested on that parole revocation warrant on April 4, 2007, and on April 25, 2007, following a parole revocation hearing, his parole was revoked. *Id.*

Given that Guerra is challenging the parole revocation procedures that led to his parole revocation in April 2007, and the denial of credit for the time he spent in custody in North Carolina, the limitations period commenced on Guerra's claims, at the latest, on April 25, 2007, the date his parole was revoked. 28 U.S.C. § 2244(d)(1)(D); *see also Heiser v. Johnson*, 263 F.3d 162, 2001 WL 803542 (5th Cir. 2001) (applying § 2244(d)(1)(D) to petitioner's claim related to the revocation of his mandatory supervised release and attendant loss of good time credits); *see also Kimbrell v. Cockrell*, 311 F.3d 361, 363 (5th Cir. 2004) (applying § 2244(d)(1)(D) to petitioner's claims related to a prison disciplinary hearing). It was on that date that Guerra knew, or could have discovered through the exercise of diligence, that he would not be given credit for the time he spent on parole, from July 2002 through the date of his revocation on April 25, 2007. In addition, it was on that date that Guerra knew, or could have discovered through the exercise of diligence, that he would not be given credit for the time he spent in custody in North Carolina due to the fact that his parole had not

4

yet been revoked by the Texas Board of Pardons and Paroles. Finally, it was on that date, at the very latest, that Guerra knew, or could have discovered through the exercise of diligence, the facts in support of his claim that the Texas Board of Pardons and Paroles improperly delayed seeking the revocation of his parole.

With April 25, 2007, as the date the limitations period commenced under § 2244(d)(1)(D), the limitations period expired one year later, on April 25, 2008. This § 2254 proceeding, filed by Guerra in June 2011, is over three years too late. Neither the pendency of Guerra's administrative time credit dispute nor his state application for writ of habeas corpus had any effect on the limitations period because both were filed in 2010, after the limitations period had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for writ of habeas corpus did not toll § 2244(d)'s limitation period where the state application for writ of habeas corpus "was not filed until *after* the period of limitation had expired") (emphasis in original), *cert. denied*, 532 U.S. 963 (2001). Moreover, while in some rare and extraordinary circumstances the doctrine of equitable tolling may toll § 2244(d)'s one year limitations period, *see Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (for equitable tolling to apply to a late-filed § 2254 application, the petitioner must show that "he has been pursuing his rights diligently'" and that "'some extraordinary circumstance stood in his way' and prevented timely filing"), neither Guerra nor the record provides any basis for equitable tolling. As such, Guerra's claims are time-barred under § 2244(d)(1), and subject to dismissal with prejudice.

## IV. Conclusion and Recommendation

Based on the foregoing, and the conclusion that Petitioner Ruben Guerra's claims are time-barred, the Magistrate Judge

RECOMMENDS that Respondent's Motion to Dismiss (Document No. 12) be GRANTED, and that Petitioner's Application for Writ of Habeas Corpus (Document No. 1) be DENIED and DISMISSED WITH PREJUDICE as time-barred.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 28th day of October, 2011.

Frances H. Stacy
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE